IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANDREW WALKER,

                                                                               ORDER

Petitioner,

                                                                             08-cv-493-slc

v.

COVANCE CLINICAL RESEARCH
UNIT INC; MERCK & CO., INC.;
DR. STEVEN and DOES 1-10,

Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Because Judge Shabaz is on a medical leave of absence from the court for an indeterminate period, the court is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. It is this court's expectation that the parties in a case assigned to the magistrate judge will give deliberate thought to providing consent for the magistrate judge to preside over all aspects of their case, so as to insure that all cases filed in the Western District of Wisconsin receive the attention they deserve in a timely manner. At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the sole purpose of issuing this order, I am assuming jurisdiction over the case.

      This case was originally filed in the District Court for the Eastern District of Missouri and was transferred to this court on August 21, 2008. In his complaint brought under the

diversity jurisdiction statute, 28 U.S.C. § 1332, petitioner Andrew Walker alleges that serious injuries he sustained during experimental drug testing were the result of negligent acts of respondents Covance Clinical Research Unit, Inc., Merck & Co., Inc. and Dr. Steven. Petitioner requests leave to proceed without prepayment of fees and costs or providing security for such fees and costs, pursuant to 28 U.S.C. § 1915.

At the outset, it is clear that petitioner's complaint is missing key facts that prevent the court from determining whether he may proceed with his case. Petitioner's sole claim in this case is a state law claim of negligence. This court can entertain this claim only if petitioner and respondents are citizens of different states and the amount in controversy exceeds $75,000. Petitioner has asked for damages in an amount exceeding $75,000. However, he has not alleged facts that would allow a determination whether the parties are of diverse citizenship. A federal court has an independent obligation to insure that it has jurisdiction to hear each case presented to it. Hurley v. Motor Coach Industries, Inc., 222 F.3d 377, 379 (7th Cir. 2000).

In his complaint, petitioner alleges that

- he is a "resident of St. Louis, Missouri."
- Respondent Covance Clinical Research Unit, Inc. is "a research facility that does research for pharmaceutical companies which is licensed to do business in Madison, Wisconsin as an [sic] corporation with a facility located at 3402 Kinsman Blvd, Madison, WI 53704."

2

- Respondent Merck & Co., Inc. is a "New Jersey Corporation with its principle Corporate office located at 1 Merck Dr., Whitehouse Station, NJ 088889."
- Respondent Dr. Steven is "a psychologist with offices in the Madison, Wisconsin area."

For the purpose of establishing diversity jurisdiction, the court examines the citizenship, not the residency, of individual persons.  An individual is a citizen of the state in which he is domiciled, that is, where he has a "permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom."  Charles Alan Wright, Law of Federal Courts 161 (5th ed. 1994); see also Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002).  A person has only one domicile, but may have several residences.  Steigleder v. McQuesten, 198 U.S. 141 (1905) (distinguishing between residency and citizenship).  Although I suspect that petitioner's and respondent Dr. Steven's place of residency and place of citizenship may be the same, it is petitioner's burden to establish citizenship of both.  At the present time, he has established only residency.

The citizenship of a business entity is determined by its organizational structure.  A corporation is deemed to be a citizen of the state in which it is incorporated and the state in which its principal place of business is located, 28 U.S.C. § 1332(c)(1); Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C., 385 F.3d 737, 741 (7th Cir. 2004).  Petitioner has alleged that respondent Covance is a Wisconsin corporation and

that respondent Merck is a New Jersey corporation. However, he has not identified the principal places of business for these respondents as he must.

An additional problem with petitioner's complaint is that he has not provided any information regarding the identity or citizenship of respondents Does 1-10. Moreover, petitioner has not identified what claims he is raising against them. Ordinarily, if a party wants to sue someone whose name is unknown to him, he must explain in the body of his complaint what the Doe respondent did, and where and when he did it. In other words, unnamed respondents are to be treated no differently from named respondents, except that they are referred to as Does until the petitioner can learn the true name of the perpetrator of the allegedly unconstitutional acts. In this way, the court can determine whether the petitioner states a claim against the Doe respondent and the Doe respondent has notice of the claim against him. Because petitioner has failed to explain what if anything any John Doe respondent did to cause his injuries, I will dismiss respondents Does 1-10 from this action.

Petitioner asserts that the amount of this claim "exceeds the jurisdiction limit" and he asks for damages exceeding $30,000,000. The test whether a case satisfies the amount in controversy requirement is whether the complaint makes a good faith claim for the amount. Herremans v. Carrera Designs, Inc., 157 F.3d 1118, 1121 (7th Cir. 1998). The sum claimed by the plaintiff controls, St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938), and dismissal for lack of jurisdiction is not appropriate unless it appears

to a legal certainty that the claim is really for less than the jurisdictional amount. Id.  There is no reason to believe that plaintiff did not suffer damages amounting to more than $75,000.

Finally, it is unclear from the affidavit of indigency petitioner submitted in support of his request to proceed without prepayment of fees or costs what amount of income he receives from sources other than his employment.  He lists "self employment" and "Goverment assitant GR" as sources of other income and has provided indeterminable amounts for those sources.  Petitioner will be required to clarify the source and amount of any additional income he receives.

ORDER

IT IS ORDERED that

1. Respondents Does 1-10 are DISMISSED from this action.

2. Petitioner may have until September 18, 2008, in which to file with the court a response to this order containing the following information:

   a. the citizenship of petitioner;

   b. the citizenship of respondent Dr. Steven;

   c. the principal place of business of respondent Merck & Co, Inc.;

   d. the principal place of business of respondent Covance Clinical Research Unit, Inc.; and

  e. the source and amount of income he receives from any source other than his employment.

3. Failure to comply with the September 18, 2008 deadline will result in an order dismissing this case for lack of jurisdiction.

Entered this 28th day of August, 2008.

        BY THE COURT:

        /s/

        _____
        BARBARA B. CRABB
        District Judge