IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANDREW WALKER,

                     Petitioner,

v.

COVANCE CLINICAL RESEARCH
UNIT INC; MERCK & CO., INC.;
and DR. STEVEN,

                     Respondents.

MEMORANDUM

08-cv-493-slc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a case in which petitioner Andrew Walker contends that serious injuries he sustained during experimental drug testing were the result of respondents' negligent acts. In an order entered on August 28, 2008, I told petitioner that he would have to provide additional information regarding the citizenship of each party because it was not clear that diversity jurisdiction is present, as petitioner alleges in his complaint. Specifically, I told petitioner that he would have to clarify his citizenship and that of respondent Dr. Steven, and provide the principal places of business of respondent Merck & Co, Inc. and respondent Covance Clinical Research Unit, Inc. Now before the court is petitioner's response to the August 28 order.

      In his response, petitioner says that he "is a citizen of St. Louis, Missouri" and that respondent Dr. Steven "has citizenship in Madison, Wisconsin." He says also that

respondent Merck has "its princip[al] Corporate office" in New Jersey and the principal place of business of respondent Covance is in Madison, Wisconsin.  Based on this information, I am satisfied that diversity jurisdiction exists in this case.

Finally, petitioner has provided additional financial information regarding the affidavit of indigency he submitted in support of his request to proceed without prepayment of fees or costs.  The standard for determining whether petitioner qualifies for indigent status is the following:

- From petitioner's annual gross income, the court subtracts $3400 for each dependent excluding the petitioner.
- If the balance is less than $11,500, the petitioner may proceed without any prepayment of fees and costs.
- If the balance is greater than $11,500 but less than $15,000, the petitioners must prepay half the fees and costs.
- If the balance is greater than $15,000, the petitioner must prepay all fees and costs.
- Substantial assets or debts require individual consideration.

In this case, petitioner has no unusual assets or debts.  After deducting $6800 for his two dependents, petitioner's annual income comes to approximately $6,388.  Therefore, petitioner qualifies for indigent status.  He will not be required to prepay any portion of the $350 filing fee.  As soon as the court's calendar permits, petitioner's complaint will be screened pursuant to 28 U.S.C. § 1915(e)(2) to determine whether the case must be

dismissed either because the complaint is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. Petitioner will be notified promptly when such a decision has been made.

Entered this 17th day of September, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge